**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ANGELA COLLINS, )<br>on behalf of herself, individually, )<br>and on behalf of all others similarly )<br>situated, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DKL VENTURES, LLC, a Colorado )<br>corporation d/b/a )<br>SELECT HOME CARE; and )<br>)<br>ERIC DAVID LEWIS, )<br>in his individual and corporate )<br>capacities, )<br>)<br>Defendants. ) | Civil Action No.<br><br><br><br><br>FLSA collective and<br>state law class action |

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

---

Plaintiff ANGELA COLLINS ("Plaintiff" or "Ms. Collins"), on behalf of herself, individually, and on behalf of all of those similarly situated, through undersigned counsel at the Sawaya & Miller Law firm, makes the following allegations in support of this Collective and Class Action Complaint, brought pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; and the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101, *et seq.*, and applicable Colorado Minimum Wage Orders, 7 CCR § 1103-1 (collectively, "Colorado Wage and Hour Law"); and accompanying federal and state regulations.

1

## PARTIES

1. Individual and representative Plaintiff Angela Collins is a former employee of Defendant DKL VENTURES, LLC, a Colorado corporation d/b/a SELECT HOME CARE ("Select Home Care" or "the Company"), as defined by 29 U.S.C. § 203(e) and Colorado state laws. Plaintiff was employed as a personal care worker who cared for elderly and disabled individuals on behalf of Select Home Care. She brings this action on behalf of herself and all other current and former hourly non-exempt employees at Select Home Care's Colorado franchise who provide in-home care and services, including but not limited to personal care workers, nurses, and certified nursing assistants.

2. Individual and representative Plaintiff Angela Collins is a resident of the state of Colorado over the age of eighteen years. She worked as an hourly, non-exempt employee of Select Home Care from approximately 2011 until September 2015.

3. Defendant DKL Ventures, LLC, d/b/a Select Home Care, is a Colorado corporation with a principal office address of 6143 South Willow Drive, Suite 401, Greenwood Village, Colorado 80111.

4. Defendant Select Home Care does business within the state of Colorado.

5. Defendant Select Home Care provides in-home care to seniors and disabled individuals. Plaintiff provided care to seniors, ill, and disabled individuals within the state of Colorado while employed by the company.

6. Defendant Eric David Lewis ("Lewis") is the owner and operator of Select Home Care. He worked at the Company's offices at 6143 South Willow Drive and/or

1777 South Bellaire Street, Suite 430, Denver, Colorado 80222. Mr. Lewis personally decided and implemented the wrongful compensation policies and practices of Defendants that Plaintiffs allege herein, and having engaged in such behavior, Defendant Lewis has made himself jointly and severally liable for all damages under the FLSA requested by Plaintiffs, both individually and with respect to their Collective Action claims set forth in this Complaint. He is being sued in his individual as well as his corporate capacity.

7.     Under 28 U.S.C. § 1331, this Court has original jurisdiction to hear this Complaint and to adjudicate the stated claims. This action is being brought under the FLSA, as well as under Colorado state Wage and Hour law. The representative Plaintiff has signed a consent form to join this lawsuit, a copy of which will be filed with the Court.

8.     This Court has supplemental jurisdiction over the Colorado state law class action claims in this Complaint under 28 U.S.C. § 1367. Those state claims derive from the same common core of operative facts as the federal claims.

9.     The Court has personal jurisdiction over Select Home Care because it is qualified to do business in Colorado with the Colorado Secretary of State, and it does business within the state of Colorado.

10.    The Court has personal jurisdiction over the individually and corporately named Defendant Lewis because he resides and works within the State of Colorado at Select Home Care.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants operate out of facilities in Denver and Greenwood Village, Colorado, and all of the events giving rise to Plaintiffs' claims have occurred and are presently occurring in this district.

12. Plaintiff brings this action on behalf of herself and all other similarly situated care workers for Select Home Care to obtain declaratory and injunctive relief and recover unpaid wages and overtime, liquidated damages, penalties, attorney's fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled based on Select Home Care's violation of the FLSA and Colorado Wage and Hour Law.

## BACKGROUND AND FACTUAL ALLEGATIONS FOR ALL CLAIMS

13. Select Home Care is a Denver-based franchise of a national company, also called Select Home Care ("the parent company"), with offices in at least six states.

14. Select Home Care in Denver provides home-based care for elderly, ill, and disabled clients.

15. Plaintiff and similarly situated employees worked in clients' homes caring for clients. Job duties included but were not limited to changing clients' undergarments and clothes; helping clients to bathe and use the bathroom; hooking up clients to oxygen, continuous positive airway pressures ("CPAP") machines, and nebulizers; draining catheters; bandaging clients; and rolling clients who were bedbound.

16.     Plaintiff and similarly situated employees were paid by Select Home Care as W-2 employees and were employed by Defendants as a third-party employer under federal and state law.

17.     Plaintiff and similarly situated employees wore Select Home Care name badges; had to dress and groom themselves according to standards dictated by Select Home Care; and called in sick to Select Home Care rather than directly to the homecare client.

18.     Colorado Wage and Hour Law requires that such third-party employers pay overtime to home care workers. 7 C.C.R. § 1103-1:5. Under this law, Plaintiff and similarly situated employees were covered employees under Colorado state Wage and Hour law.

19.     Since January 1, 2015, the FLSA also has required that such third-party employers pay overtime to home care workers. 29 C.F.R. § 552.109(a).

20.     Plaintiff and similarly situated care employees were paid an hourly rate that varied based on the clients' needs and location.

21.     Plaintiff and similarly situated employees frequently worked more than twelve hours a day and/or more than forty hours a week but were not paid at one and a half times their hourly rate for overtime hours as required by the FLSA and Colorado Wage and Hour Law.

22.     Upon information and belief, Defendants gave the care workers a letter in approximately summer of 2014 stating that a change in the law meant that Select Home Care would have to start paying care workers overtime rates if they worked more than

forty hours a week and that, therefore, the Company would no longer be assigning care workers more than forty hours a week of work.

23. Upon information and belief, rather than assigning fewer hours or paying overtime, as required by law, Defendants instead willfully misrepresented the law to the employees, telling them that the law requiring overtime had not passed.

24. Upon information and belief, employees complained to Defendants about their failure to pay overtime rates, and Defendants willfully and wrongly told the employees that they were exempt from overtime laws.

25. The Select Home Care parent company spoke to the New York Times twice in 2014 about how changed FLSA regulations requiring that third party employers pay overtime to nonmedical care workers, such as those employed by Select Home Care in Denver and other locations, would affect the company.

26. Dylan Hull, one of the parent company's owners, told the New York Times in June 2014 that Select Home Care would continue to directly employ care workers but increase the cost of home care for clients to comply with regulatory changes.

27. Despite Hull's statements to the New York Times, Select Home Care in Colorado willfully continued not to pay overtime.

28. Plaintiff and similarly situated employees were also denied rest breaks and meal breaks, as required by Colorado Wage and Hour Law, approximately 40 percent of the time.

29. Plaintiff complained to two of her supervisors about not being able to take rest and meal breaks, or even having a minute to use the bathroom. Plaintiff's supervisors told her that she could not take breaks when she was with clients who needed constant care.

30. Upon information and belief, Select Home Care's annual gross volume of sales made or business done is not less than $500,000, and the overtime protections of the FLSA apply to Plaintiff and similarly situated employees as of January 1, 2015.

## FLSA COLLECTIVE ACTION CLAIMS

### First Claim for Relief

### Failure to Pay Overtime Rates in Violation of the FLSA

31. Plaintiff and similarly situated employees repeat and incorporate by this reference the allegations contained above.

32. Defendants Select Home Care and Eric David Lewis are employers and Plaintiff and similarly situated care workers are employees under the FLSA. 29 U.S.C. § 203(d) and (e).

33. Under regulations for third party employment for companionship and domestic service that went into effect January 1, 2015, Plaintiff and similarly situated care workers are entitled to time and a half their regular rate of pay for all hours worked in excess of 40 hours per week under the FLSA. 29 U.S.C. § 207(a)(1); 29 C.F.R. §552.109.

34. Plaintiff and similarly situated care workers have not been paid one and a half times their regular rate of pay for all hours worked in excess of 40 hours per week.

35. By their actions alleged above, Defendants willfully, knowingly, and/or recklessly engaged in a widespread policy, pattern, and practice of violating the overtime provisions of the FLSA and corresponding controlling federal regulations.

36. As a result of Defendants' violation of the FLSA, Plaintiff and similarly situated employees have suffered damages by failing to receive all wages to which they were entitled under the FLSA.

37. As a result of Defendants' unlawful acts, Plaintiff and similarly situated employees have been deprived of their wages for all hours worked in an amount to be determined at trial and are entitled to the recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs, and other compensation and legal remedies, and additionally, such declaratory and injunctive or other equitable relief, as the law allows.

## Second Claim for Relief

### Individual Liability of Defendant Lewis under the FLSA

38. Plaintiff and similarly situated employees repeat and incorporate by this reference the allegations contained above.

39. Individually named Defendant Lewis has not made a good faith effort to comply with the FLSA's compensation requirements.

40. By his actions alleged above, individually named Defendant Lewis intentionally, willfully, knowingly, and/or recklessly violated the controlling provisions of the FLSA and corresponding federal regulations.

41. Defendant Lewis willfully and intentionally engaged in a widespread pattern and practice of violating the controlling provisions of the FLSA and corresponding federal regulations, as set out above, by failing to properly pay care workers an overtime rate for hours in excess of 40 hours per week.

42. As a result of Defendant Lewis' violations of the FLSA and corresponding regulations, Plaintiff and similarly situated employees have suffered damages by failing to receive overtime pay for hours worked in excess of forty hours a week.

43. As a result of Defendant Lewis' unlawful acts, Plaintiff and similarly situated employees have been deprived of overtime pay in an amount to be determined at trial, and are entitled to the recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs, and other compensation and legal remedies, and also including such declaratory and injunctive or other equitable relief, as the law allows.

## COLORADO STATE CLAIMS

### Third Claim for Relief

### Failure to Pay Overtime Rates and Provide Rest and Meal Breaks in Violation of Colorado Wage and Hour Law

44. Plaintiff and similarly situated employees repeat and incorporate by this reference the allegations contained above.

45. Plaintiff and similarly situated care workers are employees under the Colorado Wage Act, all relevant Colorado Minimum Wage Orders, and accompanying

state regulations, as alleged above. C.R.S. § 8-4-101(5); 7 C.C.R. § 1103-1:2, and other applicable state laws.

46. Plaintiff and similarly situated employees are covered by all relevant Colorado Minimum Wage Orders under the retail and service and/or health and medical industries. 7 C.C.R. § 1103-1:2(A) and (D).

47. Select Home Care is covered by the retail and service industry as defined by all relevant Colorado Minimum Wage Orders because it is a business or enterprise that sells or offers for sale a service or commodity to the consuming public and generates 50 percent or more of its annual dollar volume of business from such sales. 7 C.C.R. § 1103-1:2(A).

48. Select Home Care is covered by the health and medical industry as defined by all relevant Colorado Minimum Wage Orders because it is a business or enterprise engaged in providing health services including home health care. Employees of businesses or enterprises that provide such services are covered even if the employees' work is not itself health or medical in nature. 7 C.C.R. § 1103-1:2(D).

49. Plaintiff and similarly situated employees are entitled to time and a half their regular rate of pay for any work in excess of 40 hours a week or twelve hours a day. 7 C.C.R. § 1103-1:4.

50. The Colorado Minimum Wage Orders provide an exemption from the wage order for "companions" and "domestic employees" who are "employed by households or family members." However, the Colorado Minimum Wage Orders

provide no such exemption for companions or domestic employees employed by a third party employer such as Select Home Care. 7 C.C.R. § 1103-1:5.

51. Defendants willfully, knowingly, and/or recklessly ignored their requirement to pay overtime under Colorado law, as alleged above.

52. Plaintiff and similarly situated employees were entitled to an uninterrupted and duty free meal period of at least thirty minutes for every work shift exceeding five consecutive hours of work. 7 C.C.R. § 1103-1:7.

53. Plaintiff and similarly situated employees were entitled to a compensated 10 minute rest period for each four hour work period. 7 C.C.R. § 1103-1:8.

54. Plaintiff and similarly situated employees did not receive their meal or rest breaks an estimated 40 percent of the time.

55. Plaintiff complained to her supervisors that she frequently could not take a break, eat, or even use the bathroom.

56. Plaintiff's supervisors told her, in willful violation of Colorado Wage and Hour Law, that she was not to take her legally required breaks in many client situations.

57. Because Defendants' violations of Colorado Wage and Hour Law regarding overtime, meal, and rest breaks were willful, Plaintiff's claims for relief are subject to a three-year statute of limitations. C.R.S. § 8-4-122.

58. Plaintiff demanded overtime payments on behalf of herself and all similarly situated employees in a letter sent November 13, 2015, as required by Colorado law. C.R.S. § 8-4-110(1).

59. Defendants declined Plaintiff's demand in a response dated December 4, 2015.

60. As a result of Defendants' violation of Colorado Wage and Hour Law, Plaintiff and similarly situated employees suffered damages by failing to receive appropriate wages and rest and meal breaks. They are entitled to recovery of such damages in an amount to be determined at trial, liquidated damages, pre- and post-judgment interest, attorney's fees, costs, and other compensation and legal remedies, and also including such declaratory and injunctive or other equitable relief, as the law allows.

## FOURTH CLAIM FOR RELIEF

### Fed. R. Civ. P. Rule 23 Class Action Claim

61. Plaintiff and similarly situated employees repeat and incorporate by this reference the allegations contained above.

62. Plaintiff brings her claims under Colorado state law as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b). The class is defined as all current and former hourly, non-exempt employees at Select Home Care's Colorado franchise during the applicable statutory period who provide in-home care and services, including but not limited to personal care workers, nurses, and certified nursing assistants.

63. This action is properly maintainable as a class action under Rule 23 because the class is so numerous—on information and belief, consisting of hundreds of similarly situated members within the state of Colorado—that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or

defenses of the representative Plaintiff is typical of the claims or defenses of the class; and the representative Plaintiff will fairly and adequately protect the interests of the class.

64. This action is also properly maintainable as a class action under Rule 23 because questions of law or facts common to the members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

65. The class satisfies the numerosity standard because it involves scores of former and current employees, many of whom may have left Colorado, making joinder of all members impracticable.

66. The class meets the commonality requirement because questions of law or fact that are common to the class predominate over any questions affecting individual members. The questions of law and fact common to the class include but are not limited to:

    a. Whether Defendants failed to pay class members at the overtime rate for all hours worked in excess of 40 hours per week.

    b. Whether Defendants failed to pay class members at the overtime rate for all hours worked in excess of 12 hours per day.

    c. Whether Defendants failed to provide meal breaks.

    d. Whether Defendants failed to provide rest breaks.

    e. Whether Defendants violations of Colorado Wage and Hour Law were willful.

    f.   Whether Defendants failed to act in good faith or with reasonable grounds to believe that their acts or omissions were not a violation of Colorado Wage and Hour Law.

67. Defendants are expected to raise common defenses to this class action, including denial that their actions violated the law.

68. The named representative Plaintiff will fairly and adequately protect the interests of the class, and she has retained counsel experienced and competent in the litigation of complex class actions.

69. The claims of the named representative Plaintiff are typical of the claims of the class. The named representative Plaintiff has the same interest and suffers from the same injury as the class members. The named representative Plaintiff and the class she seeks to represent were deprived of overtime rates and of rest and meal breaks.

70. Upon information and belief, no other member of the class has an interest in individually controlling the prosecution of his or her claims, especially in light of the relatively small value of each claim and the difficulties in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action upon receipt of the class action notice pursuant to the Fed. R. Civ. P. Rule 23(c)(2).

71. The Court has the resources and abilities to effectively manage this class action.

72. The named representative Plaintiff intends to send notice to all members of the class to the extent required by Rule 23. The names and addresses of the class are available from Defendant Select Home Care.

73. By their actions alleged above, Defendants willfully, knowingly, and/or recklessly violated Colorado Wage and Hour Law provisions and corresponding controlling Colorado regulations.

74. Defendants willfully and intentionally engaged in a widespread pattern and practice of violating the controlling provisions of Colorado Wage and Hour Law and controlling Colorado regulations, as set out above, by failing to pay overtime rates and failing to provide meal and rest breaks.

75. As a result of Defendants' violation of Colorado Wage and Hour Law, Plaintiff and similarly situated employees have suffered the same kind of damages by failing to receive wages in accordance with the law.

76. Defendants have not made a good faith effort to comply with Colorado Wage and Hour Law with respect to compensation of Plaintiffs and similarly situated employees.

77. As a result of Defendants' unlawful acts, Plaintiff and similarly situated employees have been deprived of their wages in an amount to be determined at trial and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs, and other compensation and legal remedies, and also including such declaratory and injunctive or other equitable relief, as the law allows.

## REQUESTED RELIEF

WHEREFORE, the representative Plaintiff and the Plaintiffs who will opt into this action pursuant to § 216(b) of the FLSA, and/or the Plaintiffs who are described within the Rule 23 definition of any class certified by the Court, pray for the following relief:

A. Certification of a collective and class action, and any necessary subclasses, pursuant to § 216(b) of the FLSA and Rule 23, to be described as all current and former hourly, non-exempt employees at Select Home Care's Colorado franchise during the applicable statutory period who provide in-home care and services, including but not limited to personal care workers, nurses, and certified nursing assistants;

B. That, at the earliest possible time, Plaintiffs be allowed to give Notice of this action, or that the Court issue such Notice, to all persons who have at any time during the three years preceding the filing of this action, up through and including the date of this Court's issuance of Court-supervised Notice, been employed, as immediately described above, by Select Home Care. Such Notice shall inform such workers or former workers that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were deprived of wages by Defendants at any time during the preceding three years;

C. That all Plaintiffs be awarded damages for the up to three years preceding the filing of this Complaint in the amount of their unpaid wages, plus liquidated and penalty damages;

D. That the Court issue such injunctive and/or declaratory or other equitable relief to which the Plaintiffs may be entitled, so that the unlawful behavior of the Defendants may be stopped;

E. That the representative Plaintiff(s) be granted an incentive award, as deemed reasonable by the Court;

F. That the Plaintiffs be awarded their reasonable attorney's fees;

G. That the Plaintiffs be awarded the costs and expenses of this action; and

H. That the Plaintiffs be awarded such other legal and/or equitable relief as is permitted by law.

## **JURY DEMAND**

All Plaintiffs demand that this matter be tried to a jury.

Dated this 12th day of January, 2016.

                                                     *s/ David H. Miller*
                                                    David H. Miller

                                                    *s/ Rachel Graves*
                                                    Rachel Graves

                                                    SAWAYA & MILLER LAW FIRM
                                                    1600 Ogden Street
                                                    Denver, CO 80218
                                                    Telephone: 303-839-1650
                                                    FAX: 720-235-4377
                                                    Email: DMiller@sawayalaw.com
                                                                     RGraves@sawayalaw.com
                                                    Attorney for Plaintiffs

Plaintiff's address:

6085 W. First Ave., Apt. 7
Lakewood, CO 80226