IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–00070–MSK-KMT

ANGELA COLLINS, on behalf of herself, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

DKL VENTURES, LLC and
ERIC DAVID LEWIS,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendants' <u>Unopposed</u> Motion for Stay Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 14 ["Mot."], filed March 1, 2016) and Plaintiff's "Amended Unopposed Motion to Equitably Toll the Statute of Limitations for Plaintiffs' Claims Under the Fair Labor Standards Act." (Doc. No. 16, filed March 2, 2016.)[1]

**1. Motion to Stay**

Plaintiff brings this lawsuit as a collective class action under the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act ("CWA") alleging that Defendants violated each by failing to pay overtime to its home care employees. (*See generally* Doc. No. 1.) Defendants

---

[1] On March 1, 2016, Plaintiff filed an unopposed motion seeking equitable tolling of the statute of limitations for the FLSA claims. (Doc. No. 15.) Plaintiff filed the amended motion the following day in order to clarify the parties' agreement regarding the issues raised therein. (Doc. No. 16 at 1-2.) Thus, the initial motion will be denied as moot.

have moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1), (6).  (Doc. No. 12.) Defendants now move for an unopposed stay of these proceedings pending a ruling on the Motion to Dismiss.

Although a stay of proceedings is generally disfavored, the court has discretion to stay discovery while a dispositive motion is pending.  See *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District.") (citation omitted); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation omitted); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2040, at 521–22 (2d ed. 1994)

("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

When exercising its discretion, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

As to the first and second *String Cheese* factors, because the requested stay of proceedings is unopposed, there is no prejudice that will result from the stay. With regard to the third factor, it is certainly more convenient for the court to grant the stay until it is clear to what extent the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Here, the pending motion to dismiss will resolve all issues in this case, if it is granted. Thus, the third factor weighs in favor of granting a stay.

With regard to the fourth factor, no nonparties with significant particularized interests in this case have been identified. The court therefore finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor against granting

a stay. [2]  Finally, with regard to the fifth factor, the court finds that the public's primary interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the court clearly serves this interest.  Thus, the fifth factor weighs in favor of granting a stay.

Weighing the relevant factors, the court finds that a stay of proceedings is warranted in light of the pending Motion to Dismiss.

**2.  Motion for Equitable Tolling**

The FLSA authorizes private individuals to recover damages for violations of minimum wage and overtime provisions.

> An action to recover the liability [for unpaid overtime compensation, retaliation and liquidated damages] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).  Plaintiffs who wish to participate in a FLSA collective action must opt-in to the action.  *Id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  *See also In re Am. Family Mutual Ins.Co. Overtime Pay Litig.,* 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).  Thus, in the case of a FLSA collective action, if the individual claimant's name does not appear on the initial complaint, a plaintiff's action is not considered "commenced" until that plaintiff files written consent. 29 U.S.C. § 256(b).

---

[2] Potential opt-in plaintiffs have not been identified with particularity at this point in the litigation. However, in light of the court's granting of Plaintiff's request for equitable tolling of the FLSA statute of limitations, discussed *infra*, the interests of opt-in plaintiffs are not harmed by the granting of a stay in this matter.

Plaintiff has requested that the statute of limitations for the FLSA claims be equitably tolled while Defendants' Motion to Dismiss is pending. (Doc. No. 16 at 4.) Defendants have agreed not to oppose the same if their Unopposed Motion for Stay is granted. (Doc. No. 16 at 2.)

Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity. *See Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) ("The propriety of equitable tolling must necessarily be determined on a case-by-case basis."). This equitable tolling doctrine is read into every federal statute, including the FLSA. *See U.S. v. $57,960.00 in U.S. Currency*, 58 F.Supp.2d 660, 664 (D.S.C. 1999) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). Moreover, the decision to invoke equitable tolling in a particular case lies exclusively within the sound discretion of the trial court. *See Truitt*, 148 F.3d at 648.

This court has previously recognized the equity in tolling the statute of limitations, under certain circumstances, for an FLSA collective action. *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012) (citing *In re Bank of Am. Wage and Hour Emp't Litig.*, No. 10–MDL–2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010)). Generally, the delay between the filing of a complaint and notice to potential opt-in plaintiffs, so long as it limited to litigation in its normal course, is not a basis upon which equitable tolling properly may be used to toll the statute of limitations. *See, c.f., Geiger v. Z-Ultimate Self Defense Studios LLC*, No. 14-cv-240-REB-NYW, 2015 WL 1139843, at *3 (D. Colo. March 11, 2015); *Young v. Dollar Tree Stores, Inc.*, No. , 2013 WL 1223613, at *2-3 (D. Colo. March 25, 2013).

In this case, however, the court has agreed to stay this action pending a ruling on Defendants' Motion to Dismiss. *See supra*. Even if said motion is not granted, potential

plaintiffs' recovery diminishes while it is pending, especially where the action is stayed in the meantime.  "[A]llowing Opt-In Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust." *Stransky*, 868 F. Supp. 2d at 1181-82. Moreover, Defendants do not oppose Plaintiff's request for equitable tolling under these circumstances.

Accordingly, it is

**ORDERED** that "Defendants' Unopposed Motion for Stay Pending Resolution of Defendants' Motion to Dismiss" (Doc. No. 14) is **GRANTED**.  The case is stayed with the exception of the briefing on the pending Motion to Dismiss.  It is further

**ORDERED** that Plaintiff's "Unopposed Motion to Equitably Toll the Statute of Limitations for Plaintiffs' Claims Under the Fair Labor Standards Act" (Doc. No. 15) is **DENIED as moot**.  It is further

**ORDERED** that Plaintiff's "Amended Unopposed Motion to Equitably Toll the Statute of Limitations for Plaintiffs' Claims under the Fair Labor Standards Act" (Doc. No. 16) is **GRANTED.**  The FLSA statute of limitations will be equitably tolled from February 19, 2016, the date Defendants' Motion to Dismiss was filed, until the stay in this matter is lifted.

Dated this 4th day of March, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge