IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00070-MSK-KMT

_____

ANGELA COLLINS,

      Plaintiff,

v.

DKL VENTURES, LLC, d/b/a SELECT
HOME CARE, and ERIC DAVID LEWIS.

      Defendants.

_____

## SETTLEMENT AGREEMENT OF CLASS AND COLLECTIVE ACTION CLAIMS

_____

This Settlement Agreement of Class and Collective Action Claims ("Settlement Agreement") is made by Angela Collins, individually and for others similarly situated (together referred to as "Plaintiffs"), and Defendants DKL Ventures, LLC, d/b/a Select Home Care, and Eric David Lewis (together referred to as "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties."

**1.   Procedural History**

On January 12, 2016, Plaintiffs filed a Collective and Class Action Complaint against Defendants in the above-captioned case, which was brought as both a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), as well as a Rule 23 class action under Colorado wage and hour laws (the "Lawsuit"). Specifically, Plaintiffs alleged Defendants failed to pay overtime rates for hours worked in excess of forty during workweeks. Defendants contested Plaintiffs' claims, and specifically argued that no overtime wages were owed under

state and federal statutory exemptions to the overtime pay requirement for domestic service employees such as Plaintiffs.

Defendants filed a Motion to Dismiss on February 19, 2016.  On March 4, 2016, the Court stayed the case during the pendency of Defendants' Motion to Dismiss, and also equitably tolled the FLSA statute of limitations from February 19, 2016 to the date the stay is lifted.  As of the date of this Settlement Agreement, the stay remains in effect.

To avoid protracted litigation and expense, the Parties engaged in discovery to identify the potential class members, documents, and records necessary for the Parties to calculate as accurately as possible the number of hours worked by, and the wages allegedly owed to, the potential class members.  After substantial, arms' length negotiations, which was aided by an early neutral evaluation/settlement conference with Magistrate Judge Tafoya, the Parties reached an agreement to settle the Lawsuit on a class-wide basis.

**2.      The Colorado Wage Act Class ("CWA Class")**

For settlement purposes only, the Parties stipulate to the certification under Rule 23 of the Federal Rules of Civil Procedure of a class of plaintiffs consisting of all current or former hourly employees of Defendants who worked more than 12 hours in a day or more than 40 hours in a week during the time period from January 1, 2013 to December 31, 2014 and who were not paid overtime wages for those hours (the "CWA Class").

The members of the CWA Class (identified by employee number) and their respective shares of the CWA Class settlement fund are set forth in Exhibit A.  Each member of the CWA Class will be mailed the CWA Class Notice attached as Exhibit B in both English and Spanish according to the procedure provided in Section 9, below.

**3.** **The "FLSA Class"**

For settlement purposes only, the Parties stipulate to the certification under the FLSA of a class of plaintiffs consisting of all current or former hourly employees of Defendants who worked more than 12 hours in a day and/or more than 40 hours in a week during the time period from January 1, 2015 to present and who were not paid overtime wages for those hours (the "FLSA Class").

The members of the FLSA Class (identified by employee number) and their respective shares of the FLSA Class settlement fund are set forth in Exhibit C.  Each member of the FLSA Class will be mailed the FLSA Class Notice attached as Exhibit D in both English and Spanish, along with the FLSA Class Claim Form attached as Exhibit E, in both English and Spanish, according to the procedure provided in Section 11, below.

**4.** **Stipulation to Cease Tolling of FLSA Statute of Limitations**

Within 7 days after execution of this Settlement Agreement, the parties shall file with the Court a stipulation to lift the stay of the case and to cease the equitable tolling of the FLSA statute of limitations effective April 11, 2017.

**5.** **Total Settlement Amount**

The total amount to be paid by Defendants under the Settlement Agreement is Two Hundred Thousand Dollars ($200,000) (the "Total Settlement Amount").  The Total Settlement Amount consists of: (1) the negotiated settlement payments for distribution to the CWA Class, in the amount of $90,359.76 (the "CWA Class Fund"); (2) the negotiated settlement payments for distribution to the FLSA Class, in the amount of $30,140.24 (the "FLSA Class Fund"); (3) a separately negotiated award of attorneys' fees, in the amount of $60,000; (4) a separately

negotiated award of litigation costs in the amount of $12,000, which shall include all costs of

Plaintiffs' counsel and all fees and costs of the Settlement Administrator; and (5) a service award

for the class representative, Angela Collins, in the amount of $7,500.  The Total Settlement

Amount does not include any employer's share of payroll taxes or contributions resulting from

this settlement.

**6.     Settlement Administrator**

Subject to the Court's preliminary approval, Jennifer Spradlin of the Sawaya Law Firm

(1600 Ogden Street, Denver, CO 80218, 303-839-1650 ext. 1035) will act as Settlement

Administrator.  All fees and costs of the Settlement Administrator shall be paid by Defendants

from the Total Settlement Amount and are included in the $12,000 cost figure set forth in

Section 5, above.

**7.     Preliminary Approval**

Within twenty-eight (28) calendar days after the execution of this Settlement Agreement,

the Parties shall file a joint motion with the Court seeking preliminary approval of the settlement.

The motion shall request that the Court: (a) conditionally certify the CWA Class under Rule 23

of the Federal Rules of Civil Procedure, and (b) conditionally certify the FLSA Class under the

FLSA. The Parties shall also request that the Court set a date for a Final Approval hearing.

**8.     Payment of the Total Settlement Amount**

Defendants will pay the $200,000 Total Settlement Amount to the Settlement

Administrator within fourteen (14) calendar days after the Court preliminarily approves this

Settlement Agreement.  These funds shall be held in escrow by the Settlement Administrator and

shall not be disbursed until after final approval of the settlement.  After final approval of the

settlement, the Settlement Administrator shall disburse these funds according to Sections 14-16, below.

**9.      Notification to the CWA Class**

(a)      Within fourteen (14) calendar days after the Court preliminarily approves this Settlement Agreement, Defendants agree to provide the Settlement Administrator and Plaintiffs' counsel with an excel spreadsheet containing the name, last known physical mailing address, phone number, email address, and respective share of the CWA Class Fund for all of the CWA Class members.  If the Settlement Administrator and/or Plaintiffs' counsel determines that any particular CWA Class members cannot be located by last known address, phone number, or email address, then, upon the specific request of the Settlement Administrator and/or Plaintiffs' counsel, Defendants will also provide the social security number of the particular CWA Class member(s) who cannot be located.  The Settlement Administrator and Plaintiffs' counsel will hold such data in encrypted format and certify that aside from being used in an investigative search to locate the individuals, the data will be used for no other purpose and shall be kept secure.

(b)      Within fourteen (14) calendar days after receipt of the excel spreadsheet referenced in the foregoing Section 9(a), the Settlement Administrator shall mail each CWA Class member the CWA Class Notice attached to this Settlement Agreement as Exhibit B.

(c)      A CWA Class member may request to be excluded from this Settlement Agreement and any payment of amounts under this Settlement Agreement by mailing a letter to the Settlement Administrator stating that the CWA Class member wants to be excluded from this action.  This letter must include the CWA Class member's name, address, telephone number,

social security number, and signature.  To be valid, any request for exclusion must be received by the Settlement Administrator no later than 60 days after the date the CWA Class Notice is mailed.  A CWA Class member who properly submits a valid and timely request to be excluded from the action shall not receive any payment of any kind in connection with this Settlement Agreement, and shall not be bound by or receive any benefit of this Settlement Agreement.  A CWA Class member who submits an invalid request to be excluded will be considered to be a party to, and bound by, the settlement set forth in this Settlement Agreement, and their request for exclusion shall be deemed null and void.

**(d)**     Within sixty-seven (67) calendar days after mailing the CWA Class Notices, the Settlement Administrator shall provide Plaintiffs' counsel and Defendants' counsel with a complete list of all CWA Class members who timely and properly excluded themselves from the settlement.  The shares of the CWA Class members who timely and properly exclude themselves from the settlement shall revert to Defendants.  Within fourteen (14) days after the Court's final approval of this settlement (see Section 12 below), the Settlement Administrator shall issue a check to Defendants in the amount of the total shares of all CWA Class members who timely and properly excluded themselves from the settlement.

**10.     Blow-Out Provision**

If five percent (5%) or more of the CWA Class members or a number of the CWA Class members whose settlement shares total five percent (5%) or more of the CWA Class Fund exclude themselves from this settlement pursuant to the procedure set forth in Section 9(c) above, Defendants at their sole option may withdraw from the settlement, in which event this Settlement Agreement will be entirely void, all actions taken in its furtherance will be null and void, and any amounts paid by Defendants to the Settlement Administrator shall be returned to Defendants.  Defendants must exercise this right within fourteen (14) calendar days after the Settlement Administrator provides the Parties' counsel with the list of all CWA Class members who timely and properly excluded themselves from the settlement, as set forth in Section 9(d) above.

**11.     Notification to the FLSA Class**

**(a)**     Within fourteen (14) calendar days after the Court preliminarily approves this Settlement Agreement, Defendants agree to provide the Settlement Administrator and Plaintiffs' counsel with an excel spreadsheet containing the name, last known physical mailing address, phone number, email address, and respective share of the FLSA Class Fund for all of the FLSA Class members.  If the Settlement Administrator and/or Plaintiffs' counsel determines that any particular FLSA Class members cannot be located by last known address, phone number, or email address, then, upon the specific request of the Settlement Administrator and/or Plaintiffs' counsel, Defendants will also provide the social security number of the particular FLSA Class member(s) who cannot be located.  The Settlement Administrator and Plaintiffs' counsel will hold such data in encrypted format and certify that aside from being used in an investigative

search to locate the individuals, the data will be used for no other purpose and shall be kept secure.

**(b)**      Within fourteen (14) calendar days after the Settlement Administrator's receipt of the excel spreadsheet referenced in the foregoing Section 11(a), the Settlement Administrator shall mail to each FLSA Class member the FLSA Class Notice (attached to this Settlement Agreement as Exhibit D) and the FLSA Class Claim Form (attached to this Settlement Agreement as Exhibit E).

**(c)**      To receive a settlement payment, the FLSA Class member must return the FLSA Class Claim Form to the Settlement Administrator for receipt before the expiration of the 3-year FLSA statute of limitations, which the Parties calculate to be January 3, 2020 if the Court grants the parties' stipulation to lift the stay of the case and cease the equitable tolling of the FLSA statute of limitations under Section 4, above.  The FLSA Class Notice will advise the FLSA Class Members of the above deadline for submitting their FLSA Class Claim Forms, but will also encourage the FLSA Class Members to return their FLSA Class Claim Forms within sixty (60) days after the date the forms are originally mailed (the "Claim Filing Date").  The Parties agree that FLSA Class members who return their FLSA Class Claim Forms after the Claim Filing Date but before the expiration of the 3-year FLSA statute of limitations shall receive their full share of the escrowed FLSA Class Fund according to Section 15 below, even if more time has run off their personally-applied time periods under the FLSA statute of limitations such that they would otherwise be excluded from recovery.

**(d)**      Within sixty-seven (67) calendar days after mailing the FLSA Class Notices, the Settlement Administrator shall provide Plaintiffs' counsel and Defendants' counsel with a

complete list of all FLSA Class members who have submitted valid FLSA Class Claim Forms and thereby opted-in to the settlement to date.

**12.     Final Approval Hearing**

At the Final Approval Hearing, the Parties will jointly move the Court for entry of a final order certifying the CWA Class and the FLSA Class for settlement purposes only and approving the settlement as being fair, reasonable, and adequate to the class participants within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the FLSA.  At the Final Approval Hearing, the Parties will jointly request that the Court enter an order permanently enjoining all CWA Class members who have not excluded themselves from the settlement, as well as all FLSA Class members who opt in to the settlement, from pursuing and/or seeking to reopen claims for unpaid wages and other compensation and related penalties, as are included within the Released Claims.  At the Final Approval Hearing, the Parties will also jointly move the Court for an order dismissing the Lawsuit with prejudice, with the Court retaining jurisdiction with respect to the interpretation, implementation, and enforcement of the Settlement Agreement.  The CWA Class members and the FLSA Class members will be notified of their right to attend the Final Approval Hearing, in person or through their own attorney(s), in the notices attached hereto as Exhibit B and Exhibit D.

**13.     Release and Covenant Not to Sue**

The members of the CWA Class who have not excluded themselves from this settlement, as well as the members of the FLSA Class who have submitted claim forms and opted in to the settlement, individually and in their representative class capacities, for themselves and their heirs, successors, assigns, personal representatives, executors, legal representatives, spouses,

agents, insurers, and attorneys, agree to waive, release, and discharge Defendants and their

current and former parents, subsidiaries, affiliates, predecessors, successors, assigns, officers,

directors, members, managers, shareholders, associates, employees, agents, insurers, attorneys,

and representatives, specifically including but not limited to Eric David Lewis (collectively, the

"Released Parties") of and from any and all wage and hour claims, demands, rights, liabilities,

suits, and causes of action of every nature, kind, and description (including any and all claims or

demands for attorneys' fees and costs), whether known or unknown, and whether based on

federal, state, or local law, arising under or relating to wages or overtime accrued during their

employment with Defendants, including the claims asserted or that could have been asserted

based on the facts alleged  in the Lawsuit (the "Released Claims").  The members of the CWA

Class who have not excluded themselves from this settlement, as well as the members of the

FLSA Class who have submitted claim forms and opted in to the settlement, further covenant not

to sue the Released Parties for any and all Released Claims.

Plaintiffs understand and agree that this release is a full and final release applying to both

those claims that are (1) currently known, anticipated, or disclosed to Plaintiffs, and (2) those

claims that are presently unknown, unanticipated, and undisclosed to Plaintiffs which arise out of

the alleged facts, circumstances, and occurrences underlying the claims asserted in the Lawsuit.

**14.**     **Allocation and Distribution of Settlement Payments**

**(a)**     Members of the CWA Class who do not exclude themselves from the Settlement

and members of the FLSA Class who return a valid FLSA Class Claim Form thereby opting in to

the settlement will receive their respective shares of the CWA Class Fund and/or the FLSA Class

Fund as follows:

     (1)     One half as back wages, from which taxes will be withheld and for which a W-2 will be issued; and

     (2)     One half as penalties and liquidated damages, for which a Form 1099 will be issued with the amount reported in Box 3.

The Settlement Administrator will calculate the employer's share of any required payroll taxes and contributions owing on the portion of the settlement payments allocated as back wages subject to payroll taxes. Within seven (7) calendar days after the Court's final approval of this settlement, the Settlement Administrator will notify Defendants of any additional amounts needed to cover all required employer payroll taxes and contributions with respect to the payments of back wages, which Defendants shall then pay to the Settlement Administrator within fourteen (14) calendar days after the Court's final approval of this settlement.

**(b)**     Within fourteen (14) calendar days from its receipt of the funds for payroll taxes and contributions from Defendants, the Settlement Administrator will issue checks to each CWA Class member who did not request exclusion from the settlement, and to each FLSA Class member who timely returned a properly executed FLSA Class Claim Form before the Claim Filing Date. Settlement checks shall be null and void if not cashed within sixty (60) calendar days of issuance, and this advisement shall be included on the settlement checks.

**(c)**     If any settlement checks are not timely cashed within sixty (60) calendar days of issuance, all such unclaimed funds will go to a Colorado nonprofit organization focused on employment worker-related rights and/or education, to be determined by the Court, *cy pres*. The Parties agree that such Colorado non-profits that would meet this definition are the Colorado Fiscal Institute and the Colorado Center on Law and Policy. The Parties agree that within

seventy (70) calendar days after issuance of the settlement checks, the Settlement Administrator will issue a check in the amount of the total unclaimed funds to Defendants, and that Defendants will then promptly issue a separate check to the non-profit organization to allow Defendants to make any claim for tax deduction, if any, that may be allowed.

(d)      On the same day the Settlement Administrator issues settlement checks as described in Section 14(b) above, the Settlement Administrator shall disburse the $60,000 attorney's fee amount to Plaintiffs' counsel, the $12,000 costs amount to Plaintiffs' counsel and/or to the Settlement Administrator as appropriate, and the $7,500 service award to the class representative Angela Collins.

**15.      Continued Administration of FLSA Class Fund**

The Settlement Administrator shall continue to hold the unclaimed portion of the FLSA Class Fund in escrow until the expiration of the 3-year FLSA statute of limitations (January 3, 2020, if the Court grants the parties' stipulation to lift the stay of the case and cease the equitable tolling of the FLSA statute of limitations under Section 4, above).  If any FLSA Class members return valid FLSA Class Claim Forms before or after the Claim Filing Date but before the expiration of the 3-year FLSA statute of limitations, the Settlement Administrator shall send those FLSA Class members settlement checks for their full share of the FLSA Class Fund in accordance with the procedure set forth in Section 14, above.

**16.      Distribution of Unclaimed FLSA Class Fund**

At the expiration of the 3-year FLSA statute of limitations, all unclaimed amounts of the FLSA Class Fund will go *cy pres* to the non-profit selected by the Court under Section 14(c), above.  The Parties agree that within fourteen (14) calendar days after the expiration of the 3-

year FLSA statute of limitations, the Settlement Administrator will issue a check in the amount of the total unclaimed FLSA Class Fund to Defendants, and that Defendants will then promptly issue a separate check to the non-profit organization to allow Defendants to make any claim for tax deduction, if any, that may be allowed.

**17.      Non-Admission and Non-Use**

Nothing in this Settlement Agreement should be construed as an admission of any wrongdoing by Defendants or any other person or entity.  Defendants have vigorously defended against Plaintiffs' claims in the Lawsuit, and continue to assert that if this case proceeded to trial, Defendants would prevail.

Nothing in this Settlement Agreement nor any action taken in implementation thereof is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used, or be admissible in any way in this case or any other judicial, arbitral, administrative, investigatory, or other form of proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or any obligation or duty, at law or in equity.

Nothing in this Settlement Agreement shall be construed as an admission or acknowledgement of any kind that any class was properly certified or should continue to be certified in the Lawsuit or in any other action or proceeding.  Further, neither this Settlement Agreement nor this Court's actions with regard to this Settlement Agreement shall be admissible in any court or other tribunal regarding the propriety of any collective or class action treatment.

**18.     Website Publicity**

Upon execution of this Settlement Agreement, Plaintiffs' counsel shall immediately and permanently remove from its website any references to Rocky Mountain Assisted Living, which is not a party to the Lawsuit.

Upon the Court's final approval of this Settlement Agreement, Plaintiffs' counsel shall immediately and permanently remove from its website any separate web page discussing the Lawsuit.  Plaintiffs' counsel may maintain on its website a brief summary of the Lawsuit within a listing of former cases, but may not link or publicly post this Settlement Agreement and may not identify by name Eric David Lewis, Defendants' counsel, or Defendants' counsel's law firm in the summary of the case.

**19.     This Settlement Is Fair, Adequate, and Reasonable**

The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Lawsuit.  The Parties have arrived at this Settlement Agreement after months of arms-length negotiations, exchange of information, and mediation, taking into account all relevant factors, present and potential.

**20.     Amendment or Modification**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

**21.     Entire Agreement**

This Settlement Agreement, including Exhibits, constitutes the entire agreement regarding the subject matter hereof, and no oral or written representations, warranties or inducements have been made to any of the Parties or their attorneys concerning this Settlement

Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement.

**22.      Settlement Agreement Subject To Court Approval**

This Settlement Agreement is contingent on the Court's final approval of the Settlement Agreement. The Settlement Agreement shall be null and void, and any order entered by the Court in furtherance of the Settlement Agreement shall be treated as void *ab initio*, if the Court does not grant final approval of this Settlement Agreement.

**23.      Authorization to Enter Into the Settlement Agreement**

Counsel for all Parties warrant and represent they are expressly authorized by their clients to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement and Court approval of this Settlement Agreement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

**24.      Binding on Successors and Assigns**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto.

**25.**     **Applicable Law**

This Settlement Agreement shall be governed by and interpreted according to the laws of the State of Colorado, or as otherwise provided in the United States Court of Appeals, 10th Circuit.

**26.**     **Counterparts**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts. Signatures transmitted by fax or PDF and electronic signatures shall have the same effect as an original ink signature.

**27.**     **Communications with putative class members and electronic transmission of documents.**

Plaintiffs' counsel is authorized by the parties to communicate with putative class members throughout the settlement process to encourage their participation in the within settlement. All settlement documents referred to herein, in addition to being transmitted by physical delivery services may be transmitted alternatively and/or additionally by electronic means.

**28.**     **Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

[COUNSEL'S SIGNATURES ON NEXT PAGE]

**APPROVED AS TO FORM AND AS TO OBLIGATIONS OF COUNSEL:**

_____          _____
**David H. Miller**                      **Date**
**Sawaya & Miller Law Firm**
**1600 Ogden Street**
**Denver, CO 80218**
*Attorneys for Plaintiffs*

_____          _____
**Dana L. Eismeier**                     **Date**
**Erik K. Schuessler**
**Burns, Figa & Will, PC**
**6400 S. Fiddlers Green Circle, Suite 1000**
**Greenwood Village, CO 80111**
*Attorneys for Defendants*

[PARTIES' SIGNATURES ON NEXT PAGE]

**DKL VENTURES, LLC,**
**d/b/a SELECT HOME CARE**

**By:** _____

**Its:** _____

**Date:** _____

**ERIC DAVID LEWIS**

**Date:** _____

**ANGELA COLLINS**
**Individually and on behalf of all others**
**similarly situated**

**Date:** _____

APPROVED AS TO FORM AND AS TO OBLIGATIONS OF COUNSEL:


_____          5/8/17
David H. Miller                           Date
Sawaya & Miller Law Firm
1600 Ogden Street
Denver, CO 80218
*Attorneys for Plaintiffs*


_____          5/3/2017
Dana L. Eismeier                          Date
Erik K. Schuessler
Burns, Figa & Will, PC
6400 S. Fiddlers Green Circle, Suite 1000
Greenwood Village, CO 80111
*Attorneys for Defendants*




[PARTIES' SIGNATURES ON NEXT PAGE]

18

DKL VENTURES, LLC,
D/B/A SELECT HOME CARE

By: _____CFO_____

Its: _____

Date: ____5/2/17____

ERIC DAVID LEWIS

Date: ____5/2/17____

ANGELA COLLINS
Individually and on behalf of all others
similarly situated

Date: ____5-8-17____