IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-00070-MSK

ANGELA COLLINS,

 Plaintiff,

v.

DKL VENTURES, LLC, and
ERIC DAVID LEWIS,

 Defendant.

_____

### ORDER GRANTING MOTION TO CERTIFY RULE 23 CLASS AND PRELIMINARILY APPROVE SETTLEMENT AND SETTING FINAL APPROVAL HEARING
_____

 **THIS MATTER** comes before the Court pursuant to the parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement **(# 62)**.

 Ms. Collins brought this action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et seq.* against her employer, DKL Ventures, LLC. Ms. Collins sought to assert federal claims on behalf of her co-workers, through an FLSA collective action under 29 U.S.C. § 216(b) and state law claims through a class action under Fed. R. Civ. P. 23. The parties eventually agreed to settle all claims.

 After the Court refused **(# 61)** to approve a hybrid settlement of both the state and federal claims, the parties filed the instant motion, indicating that Ms. Collins would abandon the

1

collective action for the FLSA claim (and pursue only her individual FLSA claim)[1] and that the parties intended to settle the CWCA claims via a Rule 23 class action.  The parties now seek the Court's preliminary approval of the settlement, certification of the proposed settlement class, and the authorization to notify class members of the settlement.

Fed. R. Civ. P. 23 allows a claim to be pursued on behalf of a class of similarly-situated individuals if: (i) the class is so numerous that joinder of individual members is impractical; (ii) there are questions of law and fact common to all class members; (iii) the claims of the representative party are typical of those of the class; and (iv) the representative party will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a)(1)-(4).  In addition to satisfying these requirements, the party seeking certification of the class must also show that one of the criteria of Fed. R. Civ. P. 23(b) is satisfied; here, Ms. Collins focuses on Rule 23(b)(3), which allows a class to be maintained where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members."

If the Court finds that the requirements of Rule 23(a) and (b) are met, it must certify the class using the procedures set forth in Rule 23(c).  The Court must define the class, identify the claims that will be pursued on behalf of the class, and appoint counsel to represent the class. Fed. R. Civ. P. 23(c)(1)(B).  The Court must also direct that notice be given to the class that explains the nature of the action, the class definition and claims, the ability of class members to appear individually or opt-out of the class, and various other information.  Fed. R. Civ. P. 23(c)(2)(B).  Moreover, because the parties here have already reached a proposed settlement on behalf of the putative class, the Court must also give the class members notice of that proposed

---

[1] Ms. Collins did not seek authorization for the issuance of *Hoffman-LaRoche* notices to potential FLSA claimants, and as a result, no opt-in notices have been filed.  Thus, the Court finds that there are no additional FLSA plaintiffs whose claims need to be addressed.

settlement pursuant to Fed. R. Civ. P. 23(e)(1)-(5).  The Court is also required to ensure that the proposed settlement is fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2).

With those requirements in mind, the Court makes the following findings:

### A. Certification of the class

The proposed class definition is "all current and former hourly employees of the Defendants who worked more than 12 hours in a day or more than 40 hours in a week during the time period from January 1, 2013 to December 31, 2015 and who were not paid overtime wages for those hours."

As to the factors under Rule 23(a), the parties represent that the class will consist of approximately 215 individuals.  The Court finds this number sufficient to meet the requirements of Rule 23(a)(1), particularly given the geographic dispersion of the persons involved and the relatively low value of their individual claims.  All of the class members share common questions of fact and law, insofar as they were all allegedly subject to the same pay policies by the Defendants and all assert the same claim for relief under the same provisions of the CWCA.  For the same reasons, Ms. Collins' claim is typical of that of the other class members.  The parties have identified no reason why Ms. Collins cannot adequately represent the interests of the class members and the Court has no reason to believe that she does not.  Accordingly, the Court finds that all of the requirements of Rule 23(a) are satisfied.

As to Rule 23(b), the Court finds that the common questions of fact and law predominate over any individualized questions.  All class members' claims are governed by the same law and general facts regarding the Defendants' pay policies and practices; the only individualized factual issues concern the actual amounts of work performed by each individual class member and the requisite remedy.  Given the relatively small size of each individual's potential claim and

the burdens of individual litigation, pursuit of this action as a class is preferable to other methods of adjudicating those claims.  The Court is aware of no other litigation pending by any other class member against the Defendants on the claims herein, and sees no particular difficulties that would arise by resolving this matter on a classwide basis.  Accordingly, the Court finds that the requirements of Rule 23(b)(3) are satisfied as well.

Therefore, the Court preliminarily certifies the class as set forth above for the purpose of pursuing claims for unpaid overtime under the CWCA.  Pursuant to Rule 23(c)(1)(B), the Court appoints David Miller and Rachel Graves to serve as class counsel.  These attorneys signed the Complaint and the Motion for Class Certification, and there is nothing in the record to suggest that they will not adequately discharge their remaining duties on behalf of the class.

**B.  Sufficiency of settlement**

The terms of the parties' settlement are as follows:

The Defendants will pay a total of $200,000 in full settlement of all claims.  Of the $200,000 sum, Ms. Collins will receive $8,000 as a settlement of her individual FLSA claim. The Plaintiffs' counsel will receive no more than $60,000 in attorney fees, and an additional $12,000 as reimbursement for costs of litigation and settlement administration.[2]  The remaining $120,000 will be distributed to the class members in individually pre-computed amounts as set forth in Exhibit A to the parties' Settlement Agreement. One-half of each such payment shall be treated as wages (subject to both employee taxes, which the Administrator will withhold from each class member and pay over to the government, and employer taxes, which the Defendants will be responsible for paying separately), and the remaining one-half of each payment shall be

---

[2] The settlement anticipates the appointment of an individual associated with Mr. Miller and Ms. Graves' law firm as the Administrator of the settlement.

treated as a statutory penalty, apparently pursuant to C.R.S. § 8-4-109(3)(b). Amounts that would be paid to class members who opt out of the settlement will be returned to the Defendants.

The parties represent that the settlement was negotiated at arm's-length, and there is no evidence in the record to suggest otherwise. Exhibit A to the Settlement Agreement appears to indicate that Ms. Collins believes that the claimed losses of class members total approximately $233,000, such that a recovery of $120,000 reflects more than 50% of the class members' lost wages. Ms. Collins acknowledges that there are substantial litigation risks that would be incurred if the case were to proceed to trial, including hotly-contested legal disputes as to the scope of coverage of the class members' employment under the CWCA and FLSA. As to the amount of fees requested, Ms. Collins has represented that her counsel has already incurred over $87,000 in fees, and thus, the maximum of $60,000 requested from the settlement fund reflects a substantial discount. As to costs, although Ms. Collins (through counsel) has only expended $400 to date, it appears that the cost of settlement administration will be much larger. Ms. Collins represents that her counsel solicited a bid from a settlement administrator it has used in the past and received a bid of $17,000, and thus, the proposal to devote only $12,000 of the settlement funds to administration via an in-house administrator reflects a discount that inures to the benefit of the class.[3] Based upon these representations, which the Court treats as true in the

---

[3] As to both the requested set-asides for fees and costs, the Court offers only a preliminary approval of those requests at this time. At the time of final approval of the settlement, a more complete showing of the fees and costs incurred will be required to justify the requested amounts.

absence of any dispute or challenge at this time, the Court provisionally finds that the proposed settlement amount[4] is fair and reasonable.

### C. Notice

Rule 23(c)(2) provides requirements for notifying class members of the existence of the suit, their right to opt out of the class, and various other matters. In addition, when a class action is being settled, Rule 23(e) requires additional notice to the class of the settlement's terms and grants class members the opportunity to object to the settlement or again exercise their right to opt out of the class.

The parties here have tendered a proposed notice to comply with the requirements of Rule 23(c)(2) and (e). *Docket # 62-1 at 21-24.* The Court finds that, generally, the notice conforms to the requirements of those rules. However, the Court finds that the notice is incomplete in certain regards. Therefore, the Court amends the proposed notice as follows:

> • In paragraph 1 ("Why am I getting this Notice?"), the sentence reading "The Lawsuit has settled for a total payment of $200,000.00." is supplemented with the following additional text: "Of that $200,000 sum, $120,000 will be distributed among class members, $60,000 will be paid to class counsel as attorney fees, $8,000 will be paid to the Plaintiff for her FLSA claim and $12,000 of will be used to pay litigation and settlement administration costs."
>
> • In paragraph 2 ("Your share of the settlement as a member of the class"), the sentence "Your share of the settlement as a member of the Class is <<amount>>." will be followed by the following text: "(A portion of that amount will be withheld by the Settlement

---

[4]     The Court expresses no opinion as to the $8,000 allocated to Ms. Collins' individual FLSA claim as part of the settlement. This Court has generally taken the position that it is not required to approve or disapprove of individual FLSA settlements and does not understand the parties to request its approval of Ms. Collins' settlement as part of the class certification and notice procedures. *See generally Ruiz v. Act Fast Delivery of Colorado, Inc.*, D.C. Colo. Civ. Case No. 14-cv-00870-MSK-NYW at Docket # 132 (D.Colo. Jan. 9, 2017).

Administrator and paid over to the government on your behalf to cover your share of employment taxes.)"

• In Paragraph 4 ("What if I do not want to be part of the settlement [. . .] ?"), the final sentence is deleted and replaced with the following: "If you send such a letter, you will **not be included in the class, you will not be bound by the terms of the settlement**, and you will retain the right to bring your own lawsuit and assert your own claims against the Defendants.  However, you will not be entitled to receive any of the proceeds of the settlement, including the amount set forth in Paragraph 2."

• In Paragraph 6 ("What happens if I am included in the settlement?"), the first sentence of sub-paragraph B ("You will be acknowledging that you are represented by class counsel [. . .]") shall be prepended with the text: "(Unless you retain your own attorney, see Paragraph 9)".

• Paragraph 7 ("What does the Court think?") shall be deleted in its entirety and replaced with the following: "Because the parties have reached a settlement, the Court has not made any determinations as to the merits of any party's claims or defenses.  The Court has given its <u>preliminary</u> approval to the terms of the settlement, but you have the ability to object to or comment upon the terms of the settlement, in writing or in person, before the Court decides whether or not to give <u>final</u> approval to the settlement.  If you wish to appear in person, you must do so at the date, time, and location listed in Paragraph 5 above.  If you wish to object to or comment upon the settlement in writing, you may do so by sending your statement or comment to the Settlement Administrator at least 30 days prior to the hearing date listed in Paragraph 5.  The Settlement Administrator will file your statement or comment with the Court, and the Court will consider your statement or comment before deciding whether or not to give final approval to the settlement."

The Court approves the proposed notice with these modifications.

**D.  Final hearing**

The Court will conduct a final fairness hearing at **9:00 am** on **March 12, 2018**.  Class counsel shall ensure that any written communications from class members (opt-outs, objections

to or comments about the settlement) shall be filed with the Court at least 14 days prior to that date.

For the foregoing reasons, the parties' Amended Joint Motion for Preliminary Approval of Class Action Settlement **(# 62)** is **GRANTED** as set forth herein.[5]

Dated this 26th day of October, 2017.

**BY THE COURT:**

*[signature]*

Marcia S. Krieger
Chief United States District Judge

---

[5] The Court declines to formally appoint a specific Settlement Administrator. Nothing in Rule 23 requires the Court to do so, and the Court finds that the retention of persons to assist in settlement administration is a decision left to the sound judgment of approved class counsel, subject to the Court's final approval of payments from the settlement fund.